IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Tommy Daniel Helms | Crim. No. 4:08-cr-00367-TLW-1<br><br>**Order** |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846. After taking into account the Government's withdrawal at sentencing of one of the § 851 enhancements, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 101, 105, 106. His Guidelines range at sentencing was 292–365 months (35/VI), followed by 10 years of supervised release. PSR ¶¶ 102, 109. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing four levels, his reduced Guidelines range became 188–235 months (31/VI). The Court imposed a 190-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 244. The Court later reduced his sentence to 180 months imprisonment on his motion pursuant to

1

Amendment 782 to the Guidelines. ECF No. 491.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

Because Defendant also pled guilty to 5 kilograms or more of cocaine, his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his original sentencing. However, the Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to

2

this section." Notably, *Gravatt* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the PSR and Sentence Reduction Report (SRR), and has considered the current statutory range, the Guidelines range,[1] the § 3553(a) factors, and evidence of post-sentencing mitigation.[2] The Government initially responded opposing a reduction in sentence, citing the federal conduct involving 24 kilograms of cocaine, 2.5 kilograms of crack, the firearm enhancement, 14 criminal history points, and the criminal history category VI. ECF No. 561. The Government later filed a sur-reply consenting to a sentence of 151 months or time served. ECF No. 563. In the sur-reply, the Government did not revisit the reasons it opposed a reduction in its initial response.

In light of the above considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court

---

[1] The SRR calculates a reduced total offense level of 34, but that is incorrect because it appears to reflect a mistaken belief that he was a career offender. His post-First Step Act total offense level is 33 (34 (BOL) + 2 (firearm) – 3 (acceptance) = 33), which when combined with his criminal history category of VI results in a Guidelines range of 235–293 months. After factoring in the four-level § 5K1.1 reduction, his Guidelines range becomes 151–188 months (29/VI).

[2] Evidence of post-sentencing mitigation includes the issues he raises in his motion—the retaliation he suffered in prison, his prison disciplinary history, and his efforts to improve himself while in prison. *See* ECF No. 559 at 9–10. While relevant, his conduct in relation to the federal conviction, committed while on state parole, weigh against a reduction.

has reached this conclusion, including (1) Defendant was a significant drug dealer who was held accountable at sentencing for a crack weight (2,551.5 grams) that would have clearly supported a charge to the current threshold amount (280 grams); (2) in addition to the crack weight, he was also held accountable at sentencing for 108 kilograms of marijuana and over 24 kilograms of cocaine, both significant amounts; (3) he possessed a firearm in connection with this offense; (4) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing due to the cocaine penalties; (5) he has a lengthy, serious record, including numerous convictions for burglary and drug possession, as well as multiple revocations, none of which have deterred his criminal activities; (6) he was on parole when he committed the instant offense; (7) he is in a criminal history category VI under the law at the time of sentencing and under current law; and (8) his current 180-month sentence is within the revised Guidelines range of 151–188 months (29/VI) set forth in the SRR.

For these reasons, the Court declines to reduce Defendant's sentence, and his motion, ECF No. 559, is therefore **DENIED**.

**IT IS SO ORDERED.**[3]

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Senior United States District Judge

June 2, 2020
Columbia, South Carolina

---

[3] In light of this ruling, the remaining outstanding motion in this case, ECF No. 517, is terminated as **MOOT**.